

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable F. E. Mitchell
County Attorney
Callahan County
Baird, Texas

Dear Sir:

Opinion No. O-3400
Re: Validity of a school trustee
election where the election
judges are themselves trustees,
one of whom was a candidate for
reelection.

Your request dated April 12, 1941, requesting an
opinion from this department has been received and considered.
We quote from your request:

"The following situation has arisen in a Consolidated
Common School District in this (Callahan) County:

"The board of trustees of said district appointed
three of their number as election officers to hold the
annual trustee election in said district on the First
Saturday in April, one of them being Judge of the
election and one of the number also being a candidate for
reelection, and as a result of said election this said
trustee was reelected.

"I find nothing in the law specifically forbidding
the appointment of a trustee to hold a trustee election,
and have advised the parties interested that it is my
opinion that the election was valid. Art. 2808, R. C. S.
1925, provides, 'The board of trustees of the district
shall appoint three qualified voters of the district to
hold said election and make returns thereof in like manner
as provided by law for holding elections in common school
districts.' This article refers to election of trustees
in consolidated districts. The article relating to
holding elections in Common School districts, Art. 2746,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASS'T

Hon. F.E. Mitchell, page 2

provides, 'Said trustees shall appoint three persons,
qualified voters of the district, who shall hold such
election and make returns thereof, etc.'

"Would appreciate an opinion from your department
as to whether said election, held as above stated, is a
valid election and if not, whether it is absolutely void
or merely voidable."

Article 2808 provides for the election of the trustees
in a consolidated school district and, in part, provides:

". . . Each year thereafter alternately three trustees
and four trustees shall be elected by the qualified voters
of the district on the first Saturday of April and trustees
so elected shall enter upon the discharge of their duties
on the first day of May next following and serve for a term
of two years thereafter. . . . The board of trustees of
the district shall appoint three qualified voters of the
district to hold said election and make returns thereof
in like manner as provided by law for holding elections
for trustees in common school districts, except that the
persons holding said election shall each receive two dollars
a day for such services."

We notice that the facts submitted in your inquiry do
not indicate that such election officials attempted to exercise
any influence upon the electors or were unfair or that they
perpetrated any fraud in holding the election.

There does not appear to be any specific statute declar-
ing that a school trustee election in a consolidated school dis-
trict shall be null and void if the election officials are them-
selves trustees of the school and where one of said election
officials is a candidate for reelection for trustee.

Article 2940, R.C. S., 1925, provides in part:

"No one who holds an office of profit or trust under
the United States or this State, or in any city or town
in this State, or within thirty (30) days after resigning
or being dismissed from any such office, except notary public,
or who is a candidate for office, or who has not paid his
poll tax, shall act as judge, clerk or supervisor of any
election . . ."

Hon. F. E. Mitchell, page 3

The courts of Texas have held that school trustees are public officers of this State. See authorities in opinion No. O-2056, which is enclosed.

This department in opinion No. O-2056 has passed upon a very similar matter to the one submitted to you. In that opinion we held that school trustees are disqualified, under Article 2940, from serving as election judges. In the same opinion, we held, principally based upon the holding in the case of Cayle v. Alexander, (Civ. App.) 75 S.W. (2d) 706, that the provisions of Article 2940 were not mandatory insofar as affecting the validity of an election unless the election officials attempted to exercise influence on electors or acted unfairly or perpetrated some fraud where the qualifications of a majority of the election officers were not challenged. We believe the holding in the opinion referred to is applicable to your proposition. A copy of that opinion is being enclosed for your assistance and information, and you are referred to the authorities therein cited.

You are, therefore, advised that it is the opinion of this department, under the facts submitted by you, that the school trustee election in a consolidated school district is not rendered void, as a matter of law, by reason of the election officials likewise being school trustees or because one of the officials was a candidate for reelection for school trustee in the absence of some proof that said election officials attempted to exercise some influence over the electors or acted unfairly or fraudulently in performing the duties imposed upon them as election officials.

We are unable to say, under the facts submitted by you, whether or not the election was valid in all respects or whether the same is voidable and we do not pass upon either of these questions.

We trust that we have fully answered your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Harold M. McCracken
Harold McCracken
Assistant

APPROVED APR 24, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

HMcC:AMM

ENCLOSURE

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN